## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY No. 25326,

      Plaintiff,

v.

RANACK CONSTRUCTORS, INC.,

      Defendant.

---

### PLAINTIFFS CERTAIN UNDERWRITERS' AT LLOYDS' ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

---

Plaintiff Certain Underwriters at Lloyds, London, Subscribing to Policy No. 25326 ("Underwriters") files this its *Original Complaint and Request for Declaratory Judgment* against Defendant Ranack Constructors, Inc. ("Ranack"), and in support would respectfully show unto this Honorable Court the following:

### PARTIES

1. Plaintiff Certain Underwriters at Lloyds, London, Subscribing to Policy No. 25326 is comprised of three syndicates which all have their principal place of business in London, England.

2. Defendant Ranack Constructors, Inc. is a citizen and resident of the State of Colorado and may be served with process through its registered agent Sharon K. Shirack at 652 South County Road 9E, Suite 101, Loveland, Colorado, 80537.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a) (1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  None of the Names/Members of any of the London based syndicates are residents of Colorado.

4.     Venue is proper in the Colorado pursuant to 28 U.S.C. § 1391(a).

## FACTS

5.     This is an insurance coverage case.  Ranack has requested defense and indemnity from Underwriters in the case styled Cause No. CV-09-813; *Virginia Saenz, Individually and on Behalf of the Estate of Charles Anthony Saenz, Deceased, and as Next of Fried of Robin Brandy Saenz, minor child, Marcus Anthony Saenz, and Jason Ray Saenz v. Ranack Constructions, Inc., L.A. Limited and American Tradition Construction, LLC;* In the Third Judicial District Court of Dona Ana County, New Mexico  (the "Underlying Lawsuit").  A copy of Plaintiffs' Original Complaint is attached as Exhibit 1.

6.     On or about September 22, 2008, Anthony Saenz was fatally injured while working at a job site in Las Cruces, New Mexico.[1]  The Saenzs allege in the Underlying lawsuit that Mr. Saenz fell from a beam when a crane operator moving a joist hit the structure and causing the structure to shake.[2]

7.     The Saenzs sued Ranack, among others, alleging that Mr. Saenz was working "in the course and scope of his employment with his employer T&T Staffing/Alamo General

---

[1] *See* Exhibit 1, Plaintiff's Original Complaint at ¶¶ 4-5
[2] *Id.* at ¶ 5.

Contractors..."[3] The Saenzs allege that Alamo was a subcontractor and Ranack was the general contractor.[4] The Saenzs also allege, among other things, that Ranack exercised actual and contractual right of control on the job and failed to "provide a safe work environment for [Mr. Saenz]."[5] The causes of action asserted by the Saenzs against Ranack are Premises Liability and Negligence.[6]

### The Policy

8.      Underwriters issued a commercial general liability policy, Policy No. ARTGC 25326 (the "Policy") to Alamo General Contractors, Inc. ("Alamo") with effective dates of January 11, 2008 to January 11, 2009.[7]  Ranack is an additional insured, under certain limited circumstances, not applicable under the facts of the Saenz' lawsuit, under the Policy pursuant to a sub-contract between Alamo and Ranack.[8]  Ranack contends that the Policy provides defense and indemnity for the Saenzs' claims despite applicable exclusions.   Until very recently, Underwriters had been providing a defense to Ranack under the Policy subject to a full reservation of rights to deny coverage, but have now withdrawn that defense to Ranack.

9.      The Saenzs' allege that Mr. Saenz was injured during the course of his employment with the subcontractor Alamo on behalf general contractor Ranack.[9]  These allegations trigger Endorsement 1519 (03/01), *Exclusion – Bodily Injury to Independent*

---

[3] *Id.*
[4] *Id.*; *see also* Exhibit 3, sub-contract agreement between Alamo and Ranack.
[5] *Id.*
[6] *Id.* at ¶¶ 6-7.
[7] *See* Exhibit 2, the Policy.
[8] *See* Exhibit 2, Additional Insured- Owners, Lessees or Contractors – Scheduled Person or Organization Endorsement.
[9] Exhibit 1 at ¶5.

*Contractors*, which precludes coverage for bodily injury to an employee of a subcontractor which arises out of the insured's work. Endorsement 1519 specifically provides:

> It is agreed that this insurance does not apply to "bodily injury" to:
>
> (1)     Any independent contractor or the employee of any independent contractor while such independent contractor or their employee is working on behalf of any insured; or
>
> (2)     The spouse, child, parent, brother or sister of such independent contractor or employee of the independent contractor as a consequence of (1) above.
>
> This exclusion applies:
>
> (1)     Whether the insured may be liable as an employer or in any other capacity; and
>
> (2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> The term "Independent Contractors" includes Sub-Contractors.[10]

10.     Endorsement 1519 precludes coverage for the Saenzs' allegations against Ranack because Mr. Saenz, an employee of subcontractor Alamo, was injured while he was working under the control of general contractor Ranack.

11.     Alternatively, the allegations that Ranack exercised actual and contractual right of control over Mr. Saenz and the job[11] implicate *Special Exclusions and Limitation Endorsement,* Endorsement ALE 1501 (03/01), of the Policy which precludes coverage for bodily injury arising out of the course and scope of employment:

> 3.     Exclusion e. of Coverage A is deleted in its entirety and replaced by the following:
>
> "Bodily injury" to:

---

[10] Exhibit 2.

[11] Exhibit 1 at ¶5

(1) An "employee" or "volunteer worker" of any insured arising out of and in the course of employment by or work for any insured; or

(2) The spouse, child, parent, brother or sister of that "employee" or "volunteer worker" as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

5.   The following definitions are added to SECTION V – DEFINITIONS:

4.1   "Employee" includes a "leased worker".

6.1   "Leased Worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of you business. "Leased Worker" includes temporary workers who are furnished to you to substitute for a permanent "employee" or to meet seasonal or short term workload conditions.

13.1   "Volunteer Worker" means a person who is performing duties related to the conduct of your business without remuneration.[12]

12.   To the extent the Saenzs' allege that Mr. Saenz was an employee of Ranack at the time of the injury, Endorsement 1501 precludes coverage.

13.   Endorsement ALE 1503 (03/01) *Exclusion – Independent Contractors*, precludes coverage for bodily injury arising out of negligent supervision and training:

It is agreed that this insurance does not apply to "bodily injury" or "property damage" arising out of:

---

[12] Exhibit 2.

    (a)    the acts or omission of independent contactors while working on behalf of any insured, or

    (b)    the negligent:

        (i)    hiring or contracting;

        (ii)    investigation;

        (iii)    supervision;

        (iv)    training;

        (v)    retention;

of any independent contractor for whom any insured is or ever was legally responsible and whose acts of omissions would be excluded by (a) above.

The term "Independent Contractors" includes Sub-Contractors.[13]

14.    The Saenzs' allegations of negligence against Ranack include negligent supervision and training of the subcontractors' employees.[14] Specifically, the Saenzs' allege, among other things, that Mr. Saenz's injury was the result of Ranack's failure to supervise "the movement of the crane," "persons working on the joists," and "the job."[15] The Saenzs' also allege that Ranack's failure to "properly educate, instruct and supervise in the performance of duties," "train, educate, or provide instructions and orders to persons," and "teach, train, educate, and instruct a competent person (as defined under OSHA)" caused their damages. These allegations against Ranack are, therefore, precluded from coverage by Endorsement ALE 1503 (03/01) *Exclusion – Independent Contractors*.

15.    The Policy precludes coverage for punitive or exemplary damages under Endorsement TR1235 (12/99), *Punitive or Exemplary Damage Exclusion*:

---

[13] Exhibit 2.
[14] Exhibit 1 at ¶5, ¶7.
[15] Exhibit 1 at ¶7.

In consideration of the premium charged, it is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages.

Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

If suit is brought against any insured for a claim falling within coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action; however, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

16.     The Saenzs seek to recover punitive or exemplary damages against Ranack.[16] Any award of punitive or exemplary damages against Ranack in the Underlying Lawsuit is precluded from coverage under Endorsement TR1235 (12/99), *Punitive or Exemplary Damage* Exclusion.

### *Texas Law Applies to the Interpretation of the Policy*

17.     The Policy was issued in Texas to a Texas resident, Alamo.  Texas, therefore, has the "most significant relationship" to this contract dispute and the interpretation of this policy should be governed by Texas law.

### COUNT 1—DECLARATORY JUDGMENT

18.     Underwriters incorporates by reference all preceding paragraphs.

19.     For the reasons stated above, Underwriters requests the Court to grant a declaratory judgment establishing that Underwriters has no duty to defend or indemnify Ranack because the Policy excludes coverage for the Saenzs' allegations, and that the Policy does not afford coverage to Ranack for the Underlying Lawsuit:

(a)     Endorsement 1519 (03/01), *Exclusion – Bodily Injury to Independent Contractors*, precludes coverage for Mr. Saenz's injury because he was an

---

[16] Exhibit 1 at ¶12

employee of a subcontractor, Alamo, and the injury arose out of Ranack's work;

(b)     Endorsement ALE 1501 (03/01), *Special Exclusions and Limitation Endorsement*, precludes coverage for the Saenzs' allegations to the extent that Mr. Saenz's injury arose out of any employment relationship between Ranack and Mr. Saenz;

(c)     Endorsement ALE 1503 (03/01) *Exclusion – Independent Contractors*, precludes coverage for the Saenzs' allegations that Mr. Saenz's injury arose out of Ranack's negligent supervision and training of the subcontractors' employees and Mr. Saenz; and

(d)     Endorsement TR1235 (12/99), *Punitive or Exemplary Damage Exclusion*, precludes coverage for any punitive damages awarded in the Underlying Lawsuit against Ranack.

20.     Underwriters also seeks reasonable attorney fees.

## JURY DEMAND

21.     Underwriters demands a trial by jury on all issues of fact, if any.

## PRAYER

22.     For the foregoing reasons, Underwriters asks for judgment against Ranack and for the following:

(a)     A declaratory judgment that the Policy does not afford coverage to Ranack for the Underlying Lawsuit, and that Underwriters have no duty to defend

or indemnify Ranack under the Policy because the Policy excludes coverage for the Saenzs' allegations against Ranack.

(b)     Underwriters' attorney fees for having to bring this claim.

(c)     All other relief the Court deems appropriate.

DATED: September 3, 2010.

Respectfully submitted,
COZEN O'CONNOR


By: s/Christopher S. Clemenson
        Christopher S. Clemenson
        Cozen O'Connor
        707 – 17th Street, Suite 3100
        Denver, CO 80202
        Telephone: (720) 479-3900
        E-mail: cclemenson@cozen.com
        *Attorneys for Plaintiff*